**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **BETTER KEIKI, LLC D/B/A MAIRICO and SENACO DIRECT,** *Garnishor*, | § § § § | |
| **v.** | § § | |
| **AMAZON PAYMENTS, INC. and AMAZON.COM SERVICES, LLC** *Garnishee.* | § § § § | Civil Action No. _____ |

**APPLICATION FOR WRIT OF GARNISHMENT AFTER JUDGMENT**

COMES NOW, Garnishor in garnishment, Better Keiki, LLC d/b/a Mairico and Senaco Direct ("Garnishor"), and files this, its *Application for Writ of Garnishment After Judgment* against Garnishees, Amazon Payments, Inc. and Amazon.com Services, LLC ("Garnishee"), and would respectfully show unto the Court the following:

**I.
PARTIES**

1. Better Keiki, LLC d/b/a Mairico and Senaco Direct, Garnishor in garnishment, is an entity formed under the laws of the State of Texas with its principal place of business Texas.

2. Garnishee, Amazon Payments, Inc. is a corporation organized and existing under the laws of the State of Delaware and may be served with service of process via personal service through its registered agent for receipt of service of process, Corporation Service Company d/b/a CSC-Lawyers Inco at 211 E. 7th Street, Suite 620, Austin Texas 78701.

3. Garnishee, Amazon.com Services LLC is a limited liability company organized and existing under the laws of the State of Delaware and may be served with service of process via

personal service through its registered agent for receipt of service of process, Corporation Service Company d/b/a CSC-Lawyers Inco at 211 E. 7th Street, Suite 620, Austin Texas 78701.

4. Judgment Debtor MairicoDirect, an individual, partnership, or unincorporated association, can be served with notice by serving the Office of the Texas Secretary of State, Statutory Documents Section – Citations Unit, 1019 Brazos Street, Austin, Texas 78701.

5. Judgment Debtor KamiroUS an individual, partnership, or unincorporated association, can be served with notice by serving the Office of the Texas Secretary of State, Statutory Documents Section – Citations Unit, 1019 Brazos Street, Austin, Texas 78701.

6. Judgment Debtor DragonB an individual, partnership, or unincorporated association, can be served with notice by serving the Office of the Texas Secretary of State, Statutory Documents Section – Citations Unit, 1019 Brazos Street, Austin, Texas 78701.

7. Judgment Debtor ForLovingYou, an individual, partnership, or unincorporated association, can be served with notice by serving the Office of the Texas Secretary of State, Statutory Documents Section – Citations Unit, 1019 Brazos Street, Austin, Texas 78701.

8. Judgment Debtor Houseware an individual, partnership, or unincorporated association, can be served with notice by serving them at 172 Trade St., Lexington, Kentucky 40511.

9. Judgment Debtor NewChoice USA an individual, partnership, or unincorporated association, can be served with notice by serving them at 3837 Bay Lake Trail, Suite 115, North Las Vegas, NV 89030.

10. Judgment Debtor CPI Delta an individual, partnership, or unincorporated association, can be served with notice by serving them at 172 Trade St., Lexington, Kentucky 40511.

11. Judgment Debtor CMR.Alew an individual, partnership, or unincorporated association, can be served with notice by serving them at 172 Trade St., Lexington, Kentucky 40511.

12. Judgment Debtor FranceChef an individual, partnership, or unincorporated association, can be served with notice by serving them at 3837 Bay Lake Trail, Suite 115, North Las Vegas, NV 89030.

13. Judgment Debtor SunnyStoreLove an individual, partnership, or unincorporated association, can be served with notice by serving them at 172 Trade St., Lexington, Kentucky 40511.

14. Judgment Debtor NTTL an individual, partnership, or unincorporated association, can be served with notice by serving them at 100 Thomas P. Echols Lake, Suite 3, Shepherdsville, Kentucky, 40165.

## II.
## JURISDICTION AND VENUE

15. This Court has ancillary jurisdiction over this matter pursuant to 28 U.S.C § 1367 and Federal Rule of Civil Procedure 69(a), which provide in relevant part:

> The procedure on execution—and in proceeding supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

16. Pursuant to Federal Rule of Civil 69, Garnishor Better Keiki, LLC d/b/a Mairico and Senaco Direct files this Application for Writ of Garnishment in accordance with the practices and procedures of the State of Texas. *See* TEX. CIV. PRAC. & REM. CODE §63.001, *et seq.*

17. Venue is proper in this Court under 28 U.S.C. §1391(b) it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and because it is ancillary to the underlying judgment awarded by this Court.

## III.
## FACTUAL BACKGROUND

18.     Garnishor Better Keiki, LLC d/b/a Mairico and Senaco Direct, on November 30, 2018, obtained a Final Default Judgment against Judgment Debtors jointly and severally for the principal amount of $1,000,000.00, plus interest, attorney's fee and costs. See Exhibit A, a true and correct copy of said judgment, incorporated herein as if recited verbatim.

19.     As of the date of filing, the unpaid judgment amount remains due and owing to Plaintiff by the Judgment Debtors.

**A.      Legal Standard.**

20.     "At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment," and federal statutes govern to the extent applicable. Fed. R. Civ. P. 64. "The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69. Particularly, an action for a writ of garnishment arises from state law, not federal law. *Berry v. McLemore*, 795 F.2d 452, 456 (5th Cir. 1986); see also *FG Hemisphere Associates, LLC v. Republique du Congo*, 455 F.3d 575, 595 (5th Cir. 2006) ("[A]ccording to Federal Rule of Civil Procedure 69, garnishment actions are governed by state law to the extent it does not conflict with federal law."); *Foreness v. Hexamer*, 971 S.W.2d 525, 527 (Tex. App.—Dallas 1997, pet. denied) ("Garnishment is a creature of state law.").

21.     Garnishment is a statutory proceeding whereby the property, money, or credits of a debtor in the possession of another are applied to the payment of the debt. See *Tenet Health Sys. Hosps. Dallas, Inc. v. N. Texas Hosp. Physicians Group, P.A.*, 438 Case 4:20-cv-02060 Document

1 Filed on 06/11/20 in TXSD S.W.3d 190, 196–97 (Tex. App.—Dallas 2014, no pet.). The garnishee is a third party who owes a debt to or holds property of the debtor, and the plaintiff or garnishor is a creditor of the debtor and requests the court to issue the writ of garnishment to the garnishee. Id. The only real issue in a garnishment action is whether the garnishee is indebted to the judgment debtor, or has in its possession effects belonging to the debtor, at the time of service of the writ on the garnishee, and at the time the garnishee files its answer. *Id*.

22. Pursuant to Texas Civil Practice and Remedies Code § 63.001(3), a writ of garnishment is available if a plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment.

23. This garnishment action is ancillary to and part of the Underlying Action in which the judgment seeking to be satisfied was entered. *See First State Bank Cent. Texas v. Lakeway Reg'l Med. Ctr. Dev., LLC*, No. 03-13-00058-CV, 2014 WL 709221, at *2 (Tex. App.—Austin Feb. 20, 2014, pet. denied)("Only the court in which the original suit was brought has subject-matter jurisdiction over the garnishment action.").

**B.     Plaintiff is Entitled to a Writ of Garnishment Against Garnishee.**

24. As of date of filing, the unpaid judgment amount remains due and owing to Plaintiff by Judgment Debtor. See Ex. A ¶ 4.

25. Within Plaintiff's knowledge, Judgment Debtor does not possess property in Texas subject to execution that is sufficient to satisfy the above-described debt owed to Plaintiff. See Ex. A ¶ 5.

26. Plaintiff has reason to believe, and does believe, that Garnishee is indebted to or possesses effects belonging to Judgment Debtor, including but not limited to Amazon.com seller

accounts with the following IDs: A3J8RFAXD1JQ0W, A2FWGNJY7JDBXX, AJT25DYI9N8VQ, A1GQ5KJZX714GM, A19R7Z7Y0UGNKP, A358MRFT5CUP12, A2KTE25R4ZALX8, AW7RHG6ANNRQ5, A1RKQMVHN9ZSJ6, AD7VFEWSPSI62, A2K649AAYY4AEK. Upon information and belief, Judgment Debtor maintains one or more accounts with Garnishee. *Id*.

## VI.
## RELIEF REQUESTED

27. Plaintiff respectfully requests the Writ of Garnishment be issued, and that Plaintiff have judgment against Garnishee to satisfy the judgment entered against Judgment Debtors in the Underlying Action as provided by law, together with all costs of court, and such other relief to which Plaintiff may be justly entitled.

Dated: May 12, 2021.

                                                       Respectfully submitted,

                                                      Fettner Thompson

                                                      /s/David A. Fettner
                                                      David A. Fettner
                                                      Texas Bar No. 00784048
                                                      Email: daf@fettnerthompson.com
                                                      Service: services@fettnerthompson.com
                                                      6700 Sands Point Drive
                                                      Houston, Texas 77074
                                                      Phone: (713) 626-7277
                                                      *Attorney for Plaintiff*

N:\Matters\Active\Better Keiki-Mairico (1907)\Pleadings\Application for Writ of Garnishment 0511 2021 100.docx